LAW LIBRARY

FILED
SUPERIOR COURT
OF GUAM
2014 FEB 1? PM 4 47
CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM

vs.

MARK DEMETRIO TORRE,

Defendant.

) CRIMINAL CASE NO. CF32-13
)
) DECISION AND ORDER
)
) (Defendant's Motion in Limine to Exclude
) Evidence of Prior Bad Acts, Police
) Testimony, and In-court Identification)
)
)
)
)

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on December 16, 2013 on Mark Demetrio Torre's ("Defendant") Motion in Limine to Exclude Evidence of Prior Bad Acts, Police Testimony, and In-court Identification. Defendant was represented by Anthony R. Camacho, Esq. The People of Guam were represented by Assistant Attorney General Gabrielle Rossi. Following the hearing, the Court took the matter under advisement. Having reviewed the written arguments and legal authorities presented, the Court now issues the following Decision and Order **GRANTING** in part, and **DENYING** in part Defendant's motion.

## BACKGROUND

The Superior Court of Guam Grand Jury returned a true bill in the instant case on January 25, 2013. Defendant has been charged with one count of Attempted Murder (As a 1st Degree Felony) with a Special Allegation of Possession and Use of a Deadly Weapon in the Commission of a Felony, and two counts of Aggravated Assault (As a 2nd Degree Felony) with a Special Allegation of Possession and Use of a Deadly Weapon in the Commission of a Felony arising out of acts allegedly committed on November 23, 2012. *Indictment* (Jan. 25, 2013).

People v. Mark D. Torre: CF32-13
Decision and Order –Defendant's Mot. in Limine to Exclude Evidence of Prior Bad Acts, Police Testimony, and In-court Identification
Page 1 of 5

**ORIGINAL**

Defendant was arraigned on January 30, 2013. He pled not guilty and waived his right to a speedy trial. *See Super. Ct. of Guam Minute Entry Log No. 20245* (Jan. 30, 2013). Thereafter, the Court set jury selection in this matter for May 29, 2013. *Scheduling Order* (Mar. 6, 2013). However, on March 18, 2013, Defendant's previous counsel filed a motion to withdraw from the case.[1] As a result, Anthony R. Camacho, Esq. was appointed to represent Defendant. *Notice of Court Appointed Counsel* (Apr. 30, 2013). Next, Defendant moved to continue trial due to his newly appointed counsel. Consequently, on May 6, 2013, the Court vacated its earlier jury selection date.

The Court issued its latest Scheduling Order on October 4, 2013. Jury selection and trial was scheduled for January 6, 2014. However, the Defendant filed the instant motion on November 4, 2013. The People filed their opposition on December 12, 2013. On December 16, 2013, the Court heard the matter and took it under advisement. Similarly, on December 30, 2013, the Court vacated the January 6, 2014 trial date due to the current matter still before the Court.

## DISCUSSION

### Defendant's Motion in Limine to Exclude Prior Bad Acts

Defendant moves the Court to exclude all evidence of his prior bad acts from all stages of the trial in this matter. *See Def.'s Mot. in Limine* at 2 (Nov. 4, 2013). Defendant specifically makes reference to his prior conviction in CF122-02.[2] *Id.* at 3. Defendant cites to tests outlined

---

[1] Public Defender Services Corporation requested to withdraw from the case due to its prior representation of a material witness, Albert Padua.

[2] The Court notes that Defense Counsel has referenced CF122-02 in this instant case. The Court also finds the exact case and moving papers filed in CF655-12. In both cases, the Court confirms that CF122-02 is assigned to another Defendant unrelated to this case, or with the case in CF655-12, notwithstanding Defense Counsel's moving papers citing to it as a prior case affecting the Defendant herein. Consequently, the Court is extremely concerned because counsels on both sides have overlooked this. Moreover, the

in Guam Rules of Evidence Rule 404(b) and *People v. Evaristo*, 1999 Guam 22, relative to prior bad acts. Defendant argues that such evidence in this case must be excluded because it does not satisfy either test. Defendant also argues that the People have "not notified [him] in writing of its intent to use prior evidence of bad acts at trial against him, pursuant to Guam Rule[s] of Evidence 404(b) and Rule 609(a)(1)." *Id.* at 2.

The People do not intend to use any evidence pursuant to Guam Rules of Evidence 404(b). The People contend that "this issue is moot." *See People's Opp'n Mot. In Limine* at 3 (Dec. 12, 2013). Accordingly, the Court **GRANTS** Defendant's Motion to Exclude Prior Bad Acts.

**Defendant's Motion in Limine to Exclude Police Testimony**

Defendant moves the Court to exclude all police testimony concerning verbal or written statements made by the alleged victims in this matter, except for use in impeaching the testimony of the police officers, if required. *See Def.'s Mot. in Limine* at 3 (Nov. 4, 2013). Defendant argues that "[t]he admission of Police testimony concerning these statements would violate [his] Constitutional right to confront the witnesses against him and it would constitute inadmissible hearsay." *Id.* at 3-4.

The People object to the exclusion of police testimony, arguing that it is without merit. *See People's Opp'n Mot. In Limine* at 4 (Dec. 12, 2013). "Since the trial is weeks away, any objections are highly premature." *Id.* As such, the People request that this motion be denied until the issue becomes ripe. *Id.*

Generally, evidentiary motions, such as motions in limine, are directed to the trial court's discretion. *People v. Harvey*, 211 Ill. 2d 368 (2004). Authority to grant or deny a

Court reminds counsel to fact check their moving papers before filing. Again, the Court makes note that this issue has occurred on more than one occasion with the exact same moving papers filed for different Defendants.

People v. Mark D. Torre: CF32-13
Decision and Order –Defendant's Mot. in Limine to Exclude Evidence of Prior Bad Acts, Police Testimony, and In-court Identification

Page 3 of 5

motion in limine rests in the inherent power of the court to admit or exclude evidence and to take such precautions as are necessary to afford a fair trial for all parties. *State v. Zakovi*, 110 P. 3d 469, 472 (2005). A motion in limine should be granted only when the trial court finds two factors are present: (1) the material or evidence in question will be inadmissible at a trial under the rules of evidence; and (2) the mere offer of evidence or statements made during the trial concerning the material will tend to prejudice the jury. *Hersick v. State*, 904 So.2d 116, 127 (Miss. 2004).

The Confrontation Clause guarantees only "an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *People v. Kitano*, 2011 Guam 11 ¶ 39 (quoting *United States v. Owens*, 484 U.S. 554, 559 (1988) (quoting *Kentucky v. Stincer*, 482 U.S. 730, 739 (1987) (alterations in original)). The Court "is given wide latitude in determining the admissibility of evidence under Rule 403." *People v. Guerrero*, 2001 Guam 19 ¶ 28. The [u]nfair prejudice as used in the rule authorizing the exclusion of relevant evidence on the grounds of unfair prejudice, is not satisfied by evidence that is merely adverse to the opposing party. *Learmonth v. Sears, Roebuck & Co.*, 631 F.3d 724, 733 (5th Cir. 2011). On this basis, the Court finds that Defendant's Motion in Limine to Exclude Police Testimony is premature. Nothing is to preclude Defendant from making his proper objection during the course of trial if it is necessitated. Accordingly, the Court **DENIES** Defendant's Motion in Limine to Exclude Police Testimony.

**Motion in Limine to Preclude In Court Identification**

Defendant moves the Court to exclude any in-court identification of himself by any witness in this matter. *See Def.'s Mot. in Limine* at 5 (Nov. 4, 2013). Defendant argues that

People v. Mark D. Torre: CF32-13
Decision and Order –Defendant's Mot. in Limine to Exclude Evidence of Prior Bad Acts, Police Testimony, and In-court Identification

Page 4 of 5

"any in-court identification would be prejudicial to [him] because he will be sitting at the defense table and the identification of him by witnesses would be unduly suggestive." *Id.*

The People oppose Defendant's motion to preclude in-court identification. They argue that Defendant failed to show that pre-trial identification procedures were impermissibly suggestive. The People cite to *Neil v. Biggers*, 409 U.S. 188 (1972), which held that the burden rests on the defendant to show why the identification was unduly suggestive. "Rather than address the *Biggers* analysis, [D]efendant petitions the court to rule that in court identification are illegal as a matter of law." *People's Opp'n Mot. in Limine* at 5 (Dec. 12, 2013).

In determining the admissibility of an in-court identification, two inquiries must be made. *See People v. Chargualaf*, 2001 Guam 1 ¶ 36. First, whether the defendant has proven that the pre-trial identification was unnecessarily suggestive, and second, if so, whether the in-court identification was nevertheless sufficiently reliable viewing the totality of the circumstances." *Id.* In the instant case, the Court finds that Defendant has not shown that a pre-trial identification was unnecessarily suggestive. Therefore, the inquiry ends. Accordingly, the Court **DENIES** Defendant's Motion in Limine to Exclude In-court Identification.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court **GRANTS** in part, and **DENIES** in part Defendant's Motion in Limine consistent with this Decision.

A continued Pre-Trial Conference is scheduled for __3/17/2014__ at __9 a.m.__.

**SO ORDERED** this __19__ day of FEBRUARY, 2014.

HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

FEB 19 2014

SERVICE VIA COURT BOX

acknowledge that a copy of the original hereto was placed in the court box of:

_I CRUZ / I CAMACHO_

Date: _____ Time: _4:55 pm_

Deputy Clerk, Superior Court of Guam